IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JULIE DEE MALONE, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. CIV-23-408-GLJ |
| ) | |
| STEPHEN B. HADLEY, ) | |
| ) | |
| Defendant, ) | |

## OPINION AND ORDER

This matter comes before the Court pursuant to Movant, Lindsay Malone Harding's Motion to Intervene [Docket No. 18]. On December 5, 2023, Plaintiff Julie Dee Malone filed this suit alleging damages arising out of a boating accident that occurred in August 2023 which resulted in the death of her husband, Steven Malone. Docket No. 22. Lindsay Malone Harding ("Harding"), as personal representative for the estate of Steven Malone, has now moved to intervene as of right pursuant to Fed. R. Civ. P 24(a)(2). Docket No. 18. Neither Plaintiff nor Defendant submitted a response in opposition to Harding's Motion to Intervene. For the reasons set forth below, the Court finds that Intervenor Plaintiff's Motion to Intervene [Docket No. 18] should be granted.

Federal Rule of Civil Procedure 24(a)(2) states that, "[o]n timely motion, the court must permit anyone to intervene who: [2] claims an interest relating to the property or transaction that is the subject of the action, and is so situated that the disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." "Under Rule 24(a)(2) of the Federal

Rules of Civil Procedure, a nonparty seeking to intervene as of right must establish (1) timeliness, (2) an interest relating to the property or transaction that is the subject of the action, (3) the potential impairment of that interest, and (4) inadequate representation by existing parties." *Kane Cnty., Utah v. United States*, 928 F.3d 877, 889 (10th Cir. 2019) (*citing Western Energy Alliance v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017)). The Tenth Circuit has "historically taken a 'liberal' approach to intervention and thus favors the granting of motions to intervene." *Zinke*, 877 F.3d at 1165 (internal citations omitted).

Timeliness is determined based on the totality of the circumstances. *See Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1232 (10th Cir. 2010). The Court looks to "three factors as particularly important: [(1)] the length of time since the [movant] knew of [its] interests in the case' [(2)] prejudice to the existing parties; [and (3)] prejudice to the [movant]." *Id.* (alterations in original). Here, Harding's motion is timely as it was filed in the early stages of this litigation, there is no prejudice to the existing parties by the joinder, and Harding alleges significant prejudice if intervention is denied.

Additionally, Harding has established that it has a legal interest relating to this litigation that could be potentially impaired, as Harding is the personal representative for the estate of Steven Malone's and is alleging Defendant wrongfully caused the death of Steven Malone. Docket No. 18-1. "We apply practical judgment when determining whether the strength of the interest and potential risk of injury to that interest justify intervention," and this is "a minimal burden." *Kane County*, 928 F.3d at 891. (internal citations omitted). Here, Harding meets the minimal burden required.

Finally, the existing parties do not adequately represent Harding's interests, as Harding seeks to pursue a wrongful death action as the personal representative of Steven Malone's estate for the benefit of all statutory beneficiaries. Docket No. 18-1. *See Oullette v. State Farm Mut. Auto. Ins. Co.*, 1994 OK 79, ¶ 9, 918 P.2d 1363, 1366 ("A wrongful-death claim may be pressed *only* by persons authorized to bring it ([12 O.S.] §§ 1053 and 1054). By force of § 1053(A) the action may be brought by the personal representative of the decedent, but if none has been appointed, then by the widow[.]") (emphasis in original). "This burden is minimal and it is enough to show that the representation *may* be inadequate." *Id.* at 892. (quotations omitted) (emphasis added). Indeed, "the possibility of divergence of interest need not be great in order to satisfy the burden of the applicants[.]" *Nat. Res. Def. Council, Inc. v. U.S. Nuclear Reg. Comm'n*, 578 F.2d 1341, 1346 (10th Cir. 1978)

Accordingly, this Court finds that Lindsay Malone Harding has a right to intervene herein as a party Plaintiff pursuant to Fed. R. Civ. P. 24(a)(2). Intervenor Plaintiff's Motion to Intervene [Docket No. 18] is hereby GRANTED. Movant, Lindsay Malone Harding, is hereby directed to file its Complaint in Intervention by June 24, 2024.

IT IS SO ORDERED this 17th day of June 2024.

**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**